UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DWANE MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00393 ERW |
| | ) | |
| RED ROOF INNS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants Jeffrey Swatek, David Devouton, and Nick Anthon's Motion to Dismiss [ECF No. 12].

**I.  BACKGROUND**

Plaintiff James Dwane Meyers ("Plaintiff") initiated this lawsuit by filing a Petition in the Circuit Court of the County of St. Louis on November 11, 2014.  Plaintiff filed an Amended Petition on February 18, 2015.  On March 2, 2015, Defendants Jeffrey Swatek, David Devouton, and Nick Anthon ("Defendant Officers")[1] removed the Petition to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  On March 16, 2015, Defendant Officers filed their pending Motion to Dismiss [ECF No. 12], for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and failure to plead an exception to the doctrine of sovereign immunity.  For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Petition. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

---

[1] Defendants Swatek, Devouton, and Anthon are police officers employed by the City of Maryland Heights.

On November 16, 2012, Plaintiff occupied Room 112 of the Red Roof Inn located in Maryland Heights, Missouri [ECF No. 6]. Plaintiff was not to receive maid or room service. Officer Swatek learned Plaintiff was being held by the City of Creve Coeur on charges of possession of drug paraphernalia. Officers Swatek, Devouton, and Anthon went to the Red Roof Inn and requested to search Plaintiff's room; the officers did not have a search warrant. Officer Devouton contacted Defendant Hal Scharff, General Manager of the Red Roof Inn, who stated he wanted Plaintiff evicted for non-payment. Officers Swatek, Devouton, and Anthon conducted a search of Room 112 and assisted the front desk clerk in removing all of Plaintiff's possessions from the room. When Plaintiff returned to the Red Roof Inn, he was denied access to Room 112 and some, but not all, of his possessions were returned. Plaintiff has not had access to Room 112 since November 16, 2012.

Plaintiff asserts four counts against Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, Hal Scharff, Unna Thomas, Jeffrey Swatek, David Devouton, and Nick Anthon.[2] Count I alleges Forcible Entry and Detainer pursuant to Missouri Revised Statute § 534.020. Count II alleges Violation of Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Count III alleges Violation of Fourth Amendment pursuant to 42 U.S.C. § 1983 and Count IV alleges Trespassing. Plaintiff seeks compensatory and punitive damages in the amount of $25,000.00, costs, and attorney fees. Defendant Officers now seek to dismiss Plaintiff's claims.

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To

---

[2] The lawsuit originally included as a defendant the City of Maryland Heights who was termed on March 2, 2015.

meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

### III. DISCUSSION

#### A. *Claims Brought Under State Law*

Plaintiff brings two claims under state law, forcible entry and detainer and trespassing. Defendant Officers assert sovereign immunity bars Plaintiff's state law claims as Plaintiff has not pled an exception to sovereign immunity.

Sovereign immunity bars a state, or state entities, from being sued without consent. Missouri Revised Statute § 537.600 provides a public entity is immune from liability and suit with two exceptions: 1) injuries resulting from negligent driving of motor vehicles by public employees in the course of their employment; and 2) injuries caused by a dangerous condition of a public entity's property. Other exceptions, such as the purchase of liability insurance, may be

found in common law. A public entity is defined as "any multistate compact agency created by a compact formed between this state and any other state which has been approved by the Congress of the United States." Mo. Rev. Stat. § 537.600.3. Sovereign immunity also bars suits against employees in their official capacities, "as such suits are essentially direct claims against the state." *Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002). The Petition does not state in what capacity the officers are being sued; thus, the Court presumes the suit is brought against the officers in their official capacity. *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (holding "[a] suit against a public official in his individual capacity requires that the public official be named in his personal capacity as an individual" and the Court will presume he is sued in his official capacity if he is not named personally).[3]

A municipality, such as the City of Maryland Heights and its employees, are not entitled to complete immunity. *Gregg v. City of Kanas City*, 272 S.W.3d 353, 359 (Mo. Ct. App. 2008). A municipality is only immune from all liability which arises from performance of governmental functions. *Id.* Governmental functions include acts performed by the municipality as an agent of the state such as enforcing laws and ordinances. *Id.* at 361. The allegations in the Petition concern the officers' policing actions and qualify as governmental functions entitled to sovereign immunity. Because sovereign immunity bars Plaintiff's claims against the officers, the state law claims against Defendant Officers will be dismissed unless Plaintiff has sufficiently pled an exception.

Liability of a public entity is the exception to the general rule; therefore, Plaintiff must plead specific facts showing his claims are within an exception. *Hummel v. St. Charles City R-3*

---

[3] Plaintiff confirms the suit is brought against the officers in their official capacity in Plaintiff's Response to Defendant Officers' Motion to Dismiss [ECF No. 18].

*School Dist.*, 114 S.W.3d 282, 284 (Mo. Ct. App. 2003). Plaintiff has not alleged a single fact suggesting his claims fall within an exception to sovereign immunity. In his response, Plaintiff states he will need to complete discovery to determine if an exception exists [ECF No. 18]. However, Plaintiff's suit cannot proceed to discovery without pleading an exception to sovereign immunity. Plaintiff's claims of Forcible Entry and Detainer and Trespassing against Defendant Officers are barred by sovereign immunity and will be dismissed.

### B. *Claims Brought Under Federal Law*

Plaintiff also asserts two claims against Defendant Officers pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments. Defendant Officers contend Plaintiff does not identify the specific constitutional right allegedly infringed and Plaintiff is required to allege the existence of a policy or custom as the moving force behind the violations but did not do so.

A claim brought pursuant to 42 U.S.C. § 1983 has two elements: 1) the act at issue was committed by a person acting under color of state law, and 2) the act at issue deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). A suit brought under § 1983 against an officer in his official capacity is an action directly against the municipality. *Clay v. Conlee*, 815 F.3d 1164, 1170 (8th Cir. 1987). In a lawsuit brought against an individual in his official capacity, the government entity is the real party in interest and must be the "moving force" behind the alleged violation which means the entity's official policy or custom must have caused the violation. *Id.* Plaintiff's complaint need not plead the existence of an unconstitutional policy or custom, but there must be some "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an

*School Dist.*, 114 S.W.3d 282, 284 (Mo. Ct. App. 2003). Plaintiff has not alleged a single fact suggesting his claims fall within an exception to sovereign immunity. In his response, Plaintiff states he will need to complete discovery to determine if an exception exists [ECF No. 18]. However, Plaintiff's suit cannot proceed to discovery without pleading an exception to sovereign immunity. Plaintiff's claims of Forcible Entry and Detainer and Trespassing against Defendant Officers are barred by sovereign immunity and will be dismissed.

### B. *Claims Brought Under Federal Law*

Plaintiff also asserts two claims against Defendant Officers pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments. Defendant Officers contend Plaintiff does not identify the specific constitutional right allegedly infringed and Plaintiff is required to allege the existence of a policy or custom as the moving force behind the violations but did not do so.

A claim brought pursuant to 42 U.S.C. § 1983 has two elements: 1) the act at issue was committed by a person acting under color of state law, and 2) the act at issue deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). A suit brought under § 1983 against an officer in his official capacity is an action directly against the municipality. *Clay v. Conlee*, 815 F.3d 1164, 1170 (8th Cir. 1987). In a lawsuit brought against an individual in his official capacity, the government entity is the real party in interest and must be the "moving force" behind the alleged violation which means the entity's official policy or custom must have caused the violation. *Id.* Plaintiff's complaint need not plead the existence of an unconstitutional policy or custom, but there must be some "allegations, reference, or language by which one could begin to draw an inference that the conduct complained of . . . resulted from an

unconstitutional policy or custom." *Doe ex rel. Doe v. School Dist. of the City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). Plaintiff did not plead any allegations from which the Court could begin to draw an inference the conduct resulted from an unconstitutional policy or custom of the City of Maplewood. Plaintiff's claims against Defendant Officers under 42 U.S.C. § 1983 will be dismissed.

In Plaintiff's response to Defendant Officers' Motion to Dismiss, Plaintiff includes a motion to file a second amended petition and an attached proposed second amended petition. As the proposed second amended petition does not correct the fatal flaws discussed *supra*, the Court will deny Plaintiff's request as futile.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Jeffrey Swatek, David Devouton, and Nick Anthon's Motion to Dismiss [ECF No. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff James Dwane Meyers' claims against Defendants Jeffrey Swatek, David Devouton, and Nick Anthon shall be **DISMISSED, without prejudice**.

Dated this 14th Day of April, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE