UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DWANE MEYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV00393 ERW |
| | ) | |
| RED ROOF INNS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Red Roof Inns, Inc. and FMW RRI NC LLc's Motion to Dismiss Plaintiff's First Amended Petition [ECF No. 17].

**I. BACKGROUND**

Plaintiff James Dwane Meyers ("Plaintiff") initiated this lawsuit by filing a Petition in the Circuit Court of the County of St. Louis on November 11, 2014. Plaintiff filed an Amended Petition on February 18, 2015. On March 2, 2015, Defendants Jeffrey Swatek, David Devouton, and Nick Anthon removed the Petition to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. On March 13, 2015, Defendants Red Roof Inns, Inc. and FMW RRI NC LLC, ("Corporate Defendants") consented to the removal [ECF No. 10]. On March 30, 2015, the Corporate Defendants filed their pending Motion to Dismiss [ECF No. 17], for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) claiming Plaintiff was not in possession of the premises in question and the Corporate Defendants did not jointly engage with the government to deny Plaintiff his civil rights. For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Petition. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d

958, 988 (8th Cir. 2010).

On November 16, 2012, Plaintiff occupied Room 112 of the Red Roof Inn located in Maryland Heights, Missouri [ECF No. 6]. Plaintiff was not to receive maid or room service. Officer Swatek learned Plaintiff was being held by the City of Creve Coeur on charges of possession of drug paraphernalia. Officers Swatek, Devouton, and Anthon went to the Red Roof Inn and requested to search Plaintiff's room; the officers did not have a search warrant. Officer Devouton contacted Defendant Hal Scharff, General Manager of the Red Roof Inn, who stated he wanted Plaintiff evicted for non-payment. Officers Swatek, Devouton, and Anthon conducted a search of Room 112 and assisted the front desk clerk in removing all of Plaintiff's possessions from the room. When Plaintiff returned to the Red Roof Inn, he was denied access to Room 112 and some, but not all, of his possessions were returned. Plaintiff has not had access to Room 112 since November 16, 2012.

Plaintiff asserts four counts against Defendants Red Roof Inns, Inc., FMW RRI NC, LLC, Hal Scharff, Unna Thomas, Jeffrey Swatek, David Devouton, and Nick Anthon.[1] Count I alleges Forcible Entry and Detainer pursuant to Missouri Revised Statute § 534.020. Count II alleges Violation of Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. Count III alleges Violation of Fourth Amendment pursuant to 42 U.S.C. § 1983 and Count IV alleges Trespassing. Plaintiff seeks compensatory and punitive damages in the amount of $25,000.00, costs, and attorney fees. The Corporate Defendants now seek to dismiss Plaintiff's claims.

**II.     STANDARD**

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a

---

[1] The lawsuit originally included as a defendant the City of Maryland Heights which was termed on March 2, 2015.

plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

### III. DISCUSSION

#### A. *Forcible Entry and Detainer (Count I) and Trespassing (Count IV)*

In Count I, Plaintiff asserts the Corporate Defendants forcibly entered Plaintiff's residence, Room 112 of the Red Roof Inn, without permission in violation of Revised Missouri Statute § 534.020. In Count IV, Plaintiff asserts the Corporate Defendants entered Plaintiff's residence at the hotel without permission, trespassing on his residence. The Corporate Defendants contend Plaintiff cannot establish a cause of action for forcible detainer and entry or trespassing because Plaintiff was not in possession of the premises and had no actual possessory interest in the property. Plaintiff argues he occupied Room 112 as his personal residence, living

there for over nine months and receiving mail at the hotel.

Section 534.020 states a person is guilty of forcible entry and detainer when the person "enters upon or into any lands, tenements, or other possessions . . . by putting out of doors or carrying away the goods of the party in possession, or by entering peaceable and then turning out by force . . . the party out of possession, and detain and hold the same . . . " Mo. Rev. Stat. § 534.020. Trespass is the unauthorized entry by a person upon land of another. *Muir v. Ruder*, 945 S.W.2d 33, 35 (Mo. Ct. App. 1997). Both trespass and forcible entry and detainer require a plaintiff be in possession of the premises. *Allen v. Harris*, 755 S.W.2d 393, 395 (Mo. Ct. App. 1988) ("In an action of forcible entry and detainer, the sole issue is a question of possession . . ."). The determinative issue is whether Plaintiff occupied Room 112 at the time of the search and seizure by the police officers.

There is a distinction between a tenant and a hotel guest. A tenant has exclusive possession of the leased premises while a hotel guest has use of the premises but no actual or exclusive possession. *Young v. Harrison*, 284 F.3d 863, 868 (8th Cir. 2002); *see also Messerly v. Mercer*, 45 Mo. App. 327, 330 (Mo. Ct. App. 1891) (finding defendant was not a tenant because plaintiff retained control and supervision of the room); *Marden v. Radford*, 84 S.W.2d 947, 955 (Mo. Ct. App. 1935) (holding a lodger has no interest in the real estate unlike a tenant). The determination of the position of plaintiff as either a tenant or hotel guest is ordinarily a mixed question of law and fact. *Marden*, 84 S.W.2d at 955.

Plaintiff's petition alleges he rented his room per a written agreement with the Corporate Defendants and he rented the room as his personal residence [ECF No. 6, ¶ 11, 12]. He also alleges he did not receive maid or room service [ECF No. 6, ¶ 13]. In Plaintiff's third amended

complaint,[2] Plaintiff alleges he has been living in Room 112 in excess of nine months and was receiving mail at the hotel [ECF No. 23-1, ¶ 8]. These facts the Court must accept as true. Plaintiff has alleged sufficient facts that he possessed Room 112 at the time of the incident in question as to survive a motion to dismiss. The Corporate Defendants' Motion to Dismiss as to Counts I and IV will be denied.

### B. *42 U.S.C. § 1983 Claims*

Plaintiff also asserts two claims against the Corporate Defendants pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Fifth, and Fourteenth Amendments. The Corporate Defendants contend Plaintiff failed to plead any basis that they were jointly engaged with the government to deny Plaintiff his civil rights.

A claim brought pursuant to 42 U.S.C. § 1983 has two elements: 1) the act at issue was committed by a person acting under color of state law, and 2) the act at issue deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Generally, a person acting under color of state law means a government employee such as a police officer. However, there are situations where a private party can be acting under color of state law. A private party jointly engaged with state officials in a prohibited action is considered to be acting under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Lugar v. Edmonson Oil Co. Inc.*, 457 U.S. 922, 941 (1982) ("we have consistently held a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a state actor . . ."). It is immaterial that the police officer defendants have been dismissed from this case; Plaintiff may still assert his claims against the private party for joint engagement with the

---

[2] Plaintiff has requested leave to file a third amended petition.

police officers.  *Flagg Bros. Inc. v. Brooke*, 436 U.S. 149, 157 (1978); *see also Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (" . . . the judge has been properly dismissed from the suit on immunity grounds.  It does not follow, however, that the action against the private parties accused of conspiring with the judge must also be dismissed.").

Plaintiff has included allegations in his complaint regarding joint engagement between the Corporate Defendants and the police officers.  Plaintiff has alleged the officers came to the hotel and asked to search Plaintiff's room from the front desk clerk, Unna Thomas [ECF No. 6, ¶ 15].  Then, according to Plaintiff, the officers contacted the General Manager of the hotel, Hal Scharff, by phone; whereupon Mr. Scharff told the officers he wanted Plaintiff evicted for non-payment [ECF No. 6, ¶ 18].  Plaintiff has also alleged the officers and other defendants individually, and in concert with the other parties, committed the prohibited acts.  These facts are sufficient to plead joint engagement with the police officers.

However, in the Court's analysis of Plaintiff's complaint, a more glaring issue arises. When a plaintiff sues a corporation claiming the corporation was acting under color of state law, violating § 1983, the corporation can only be held liable for unconstitutional policies, customs, or for an individual representing the company who has taken actions which inflict injuries redressable by § 1983.  *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).  A corporation cannot be held liable under a theory of respondeat superior.  *Id*.  Plaintiff has not included any allegations regarding the Corporate Defendants' unconstitutional policies or customs, or regarding an individual representing the Corporate Defendants' official policies acting unconstitutionally.  Therefore, Counts II and III against the Corporate Defendants must be

dismissed for failure to state a claim upon which relief can be granted.[3]

### C. *Plaintiff's Motion for Leave to File Third Amended Petition*

In Plaintiff's response to the Corporate Defendants' Motion to Dismiss, Plaintiff includes a motion to file a third amended petition and an attached proposed third amended petition. As the proposed third amended petition does not correct the fatal flaws discussed *supra* for Counts II and II, the Court will deny Plaintiff's request as futile in regards to Counts II and III against the Corporate Defendants. The Court will allow Plaintiff to file the third amended complaint as it relates to Counts I and IV.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Red Roof Inns, Inc. and FMW RRI NC LLC's Motion to Dismiss Plaintiff's First Amended Petition [ECF No. 17] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff James Dwane Meyers' claims against Defendants Red Roof Inns, Inc. and FMW RRI NC LLC in regards to Counts II and III shall be **DISMISSED, without prejudice**.

---

[3] The Court retains subject matter jurisdiction in this matter because Counts II and III asserting claims under 42 U.S.C. § 1983 remain pending against Defendants Hal Scharff and Unna Thomas.

**IT IS FURTHER ORDERED** that Plaintiff James Dwane Meyers' Motion for Leave to File Third Amended Petition [ECF No. 23] is **GRANTED, in part, and DENIED, in part**. Within 21 days of the date of this order, Plaintiff shall file a third amended complaint as set forth in this order.

Dated this 20th Day of May, 2015.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE